THE HONORABLE RONALD B. LEIGHTON

06-CV-05267-ORD

FILED _____ LODGED
_____ RECEIVED

DEC 22 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMMELINE M. HEDENBURG, a single person, and KENNETH L. MARSHALL, a married person,

    Plaintiffs,

v.

ARAMARK AMERICAN FOOD SERVICES, INC., a for-profit corporation,

    Defendant.

NO. C06-5267 RBL

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

## STIPULATION

The undersigned counsel for plaintiff and for defendant, hereby stipulate and agree as follows:

1.   "Confidential" Documents and Information. This order shall govern all documents produced or exchanged ("documents") and all written answers and responses to discovery ("answer") made by plaintiff, her attorneys, consultants, agents, and representatives and by defendant, its attorneys, consultants, agents, employees and representatives. "Confidential Documents" shall be limited to personnel files, financial documents not already public, proprietary documents, and any other documents the parties agree or the court shall determine are confidential. "Confidential information" is testimony involving confidential documents and information relating to social security numbers, home addresses, medical

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 1
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  information, counseling, personal financial information, and other information the parties
2  agree or the court shall deem confidential.

3      2.    <u>Scope of "Confidential" Designation</u>.  The special treatment accorded to
4  documents designated "confidential" under this Order shall reach:

5          a.    All documents previously or hereafter designated "confidential";

6          b.    All copies, extracts, and complete or partial summaries prepared from
7  such documents;

8          c.    Any deposition transcript or exhibit, or portion thereof, that discusses
9  or refers to such documents, copies, extracts or summaries; and

10          d.    Any portion of any discovery answer or response, affidavit, declaration,
11  brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such
12  documents, copies, extracts or summaries.

13      3.    <u>Restrictions on Disclosure of "Confidential" Documents</u>.  Except with prior
14  written consent of all parties and nonparties asserting confidential treatment, and except as
15  provided elsewhere in this Order, documents designated "confidential," and all information
16  contained therein or derived therefrom, may not be disclosed to any person other than:

17          a.    The parties to this litigation, their officers, directors, and employees;

18          b.    Counsel for the parties in this action;

19          c.    Secretaries, paralegal assistants, and other employees or contractors of
20  such counsel who are assisting in the prosecution and/or defense of this action;

21          d.    Actual or potential deposition or trial witnesses in this action, to the
22  extent reasonably necessary to prepare the witness to testify concerning this case or to
23  question the witness about knowledge he or she might have which is pertinent to the case; and

24          e.    Outside consultants and experts solely retained for the purpose of
25  assisting counsel and the parties in the prosecution and/or defense of this action.

26

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 2
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

4. **Location of "Confidential" Documents.** With the exception of the uses provided for in paragraphs 8, 10, and 11 documents designated "Confidential" may be reviewed only in Counsel's physical presence by the persons identified in paragraph 3. "Counsel's physical presence" means the offices of Lane Powell PC, 1420 Fifth Avenue, Suite 4100, Seattle, WA 98101; or the office of William Michael Hanbey, 1605 Cooper Point Road NW, Olympia, WA 98502, or when the attorney is conferring in person with the witness. With the exception of the uses provided for in paragraphs 8, 10, and 11 documents designated "Confidential" and copies thereof shall not leave Counsel's Office.

5. **Review of Own "Confidential" Documents.** The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "confidential" documents.

6. **Certification of Compliance.** Except for persons identified in subparagraphs 3(a)-(c) above, no person authorized under the terms of this Order to receive access to "confidential" documents shall be granted access to them until counsel has made his or her best efforts to convince such person to read the Order and agree in writing to be bound by it per the form attached as Exhibit A. Upon order of this Court, for good cause shown, these written agreements (Exhibit A) shall be available for inspection by counsel for other parties or nonparties.

7. **Notice of Breach.** It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

8. **Use of "Confidential" Documents at Depositions.** Documents designated "confidential," and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 3
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1 refers to "confidential" documents or information at a deposition, the portion of the deposition
2 transcript that relates to such documents or information shall be stamped "confidential" and
3 sealed separately from the remainder of the transcript, and shall be treated as "confidential"
4 under the provisions of this Order.

5     9.    <u>Designating Portions of Deposition Transcripts Confidential</u>. At the
6 deposition, the parties will attempt in good faith to preliminarily identify and designate
7 "confidential" testimony and exhibits without prejudice to their right to so designate other
8 testimony or exhibits or withdraw such designation after receipt of the transcript. Any party
9 or nonparty may, within 15 days after receiving a deposition transcript, designate portions of
10 the transcript, or exhibits thereto, as being "confidential." Confidential deposition testimony
11 or exhibits may be so designated by stamping the exhibits "confidential," or by underlining
12 the portions of the pages that are confidential and stamping such pages "confidential." If no
13 party or nonparty timely designates testimony or exhibits from a deposition as being
14 "confidential," none of the deposition testimony or exhibits will be treated as confidential. If
15 a timely "confidential" designation is made, the confidential portions and exhibits shall be
16 sealed separately from the portions and exhibits not so marked, and shall be treated as
17 "confidential" under the provisions of this Order.

18     10.   <u>Use of "Confidential" Documents in Papers Filed With or Used In the Court</u>.
19 Documents designated "confidential," and all information contained therein or derived
20 therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other
21 papers filed with the Court, or attached as exhibits thereto, provided that 10 days notice is
22 given to all parties that a confidential document or information is to be filed with the court,
23 unless the party offering the document or information is responding to a motion requiring an
24 earlier response, or unless the need for the document or information was unforeseeable at the
25 beginning of trial, in which case best practical notice will be given. The opposing counsel
26

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 4
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1. then may move the court for an order placing the document under seal with the Clerk of Court.

11. **Litigation Use Only.** All "confidential documents" produced in this litigation, whether by a party or nonparty, and whether pursuant to Civil Rule 34, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

12. **Nontermination and Return of Documents.** The provisions of this Order shall continue to apply to all "confidential" documents and information after this action has been terminated. Upon termination of this action, including all appeals, the parties shall return all "confidential" documents to the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court; alternatively, the parties and/or any producing party may agree upon appropriate methods of destruction. Work product and attorney client privileged material is exempt from this provision

13. **No Admissions.** Nothing contained in this Order, nor any action taken in compliance with it, shall:

    a. Operate as an admission by any party that any particular document or information is, or is not, confidential;

    b. Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

14. **Interim Protection.** "Confidential" documents produced by any party or nonparty through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court, unless the Court otherwise directs.

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 5
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

15. <u>Venue/Jurisdiction</u>. The parties consent to venue and jurisdiction in the United States District Court, Western District of Washington at Tacoma with regard to any proceedings to enforce the terms of the Order.

16. <u>Order</u>. The court may enter an order consistent with this stipulation.

LANE POWELL PC

By _____
D. Michael Reilly, WSBA No. 14674
Robert J. Guite, WSBA No. 25753
Attorneys for Defendant

ATTORNEY AT LAW

By _____
William Michael Hanbey, WSBA No. 7829
Attorney for Plaintiff

## ORDER

The Court having considered the foregoing stipulation of the parties,

It is hereby ordered that the stipulation of the parties is confirmed in all of its particulars.

DATED this 21st day of December 2006.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

LANE POWELL PC

By _____
D. Michael Reilly, WSBA No. 14674
Robert J. Guite, WSBA No. 25753
Attorneys for Defendant

APPROVED AS TO FORM; NOTICE OF PRESENTATION WAIVED:

ATTORNEY AT LAW

By _____
William Michael Hanbey, WSBA No. 7829
Attorney for Plaintiff

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 6
Case No. C06-5267 RBL
011992.0211/1346681.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## EXHIBIT A

1. I, _____, have read the Stipulation and Protective Order ("Order") entered in *Emmeline M. Hedenburg, a single person and Kenneth L. Marshall, a married person v. Aramark American Food Services, Inc., a for-profit corporation*, in the United States District Court, Western District of Washington at Tacoma, and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" that are furnished to me as set forth in the Order.

2. I further agree (i) not to disclose to anyone any documents, materials or information marked "Confidential" other than as set forth in the Order, and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to venue and jurisdiction in the United States District Court, Western District of Washington at Tacoma, with regard to any proceedings to enforce the terms of the Order.

_____  _____
Signature                  Date

STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER - 7
Case No. C06-5267 RBL
011992.0211/1346081.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107