HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMMELINE HEDENBURG, single person,

Plaintiff,

v.

ARAMARK AMERICAN FOOD SERIVCES, a for-profit corporation,

Defendant.

Case No. C06-5267 RBL

ORDER DENYING DEFENDANT'S MOTION TO COMPEL

This Matter is before the court on Defendant's Motion to Compel discovery [Dkt. #17]. This employment case involves Plaintiff's claim that Defendant discriminated against her because of her gender and wrongfully terminated her. Plaintiff alleges claims for emotional distress and other damages.

In an effort to probe the veracity of Plaintiff's claims, Defendant seeks a "mirror image" of the Plaintiff's home computer hard drive. It apparently contends that Plaintiff's personal correspondence with unnamed third parties (in the form of emails or internet postings) might reveal discrepancies in her testimony about the impact of the events on her emotional state, or in her testimony about what occurred. Defendant argues that access to a plaintiff's computer is common in employment cases, and in an effort to avoid retrieval of privileged or other non-discoverable information, offers to have the hard drive mirror image sent to a "special master."

Plaintiff objects to the discovery as a "fishing expedition" and has to date refused to permit the Defendant from accessing her home computer's hard drive.

Defendant relies upon three cases in which it claims access to one's adversary's computer was permitted, for the proposition that it would be error not to permit it unfettered access to the plaintiff's home computer here. However, each of these cases involve significantly different legal and factual context.

In *Knox v Indiana*, 93 F.3d 1327 (7th Cir.1996), for example, the defendant's employee had sent the plaintiff graphic and suggestive emails, which were themselves evidence of the sexual harassment of which she complained. *Id.* at 1330. The opinion does not otherwise address the discoverablity of computer records, and does not support the Defendant's position here.

In *Meloff v. New York Life Ins. Co.*, 51 F.3d 372 (2d Cir. 1995), email arose as an issue only because the company terminated the plaintiff by email and announced the reason – fraud – to the company's remaining employees in the same manner. The case does not address the discoverability of a plaintiff's computer files in the hope of finding some statement which is contrary to her testimony about her mental state or the events leading to her termination.

The only case which seems to support Defendant's broad request is *Playboy Enterprises v. Welles*, 60 F. Supp.2d 1050 (S.D. Cal. 1999). There, defendant Welles, a former "Playboy Playmate," was alleged to be using plaintiff Playboy's trademarks on her own web sites. The Magistrate Judge ordered the "mirror image" of Defendant's hard drive after weighing the benefits and burdens of the discovery and the potential for finding relevant information. *Id.* at 1054. It permitted the discovery (and appointed a special master to review the drive's contents) after specifically finding that the hard drive might contain evidence (1) about the trademark claim, (2) about plaintiff's knowledge of the contractual provisions restricting her use of the trademarks, (3) about whether visitors to the website might find it to be pornographic, *and*, finally, (4) that her emails might negate her counterclaim for emotional distress. *Id.*

The common thread of these cases is that a thorough search of an adversary's computer is sometimes permitted where the contents of the computer go to the heart of the case. This court has in other cases permitted mirror image searches of computers where, for example, one party demonstrates the likelihood that trade secrets were forwarded to or sent by it. Here, the central claims in the case are wholly unrelated to the contents of plaintiff's computer. Defendant is hoping blindly to find something useful in its impeachment of the plaintiff.

Plaintiff has responded that she has made a diligent search for her computer files, and contends that she

does not have additional information. Defendant essentially seeks a search warrant to confirm that Plaintiff has not memorialized statements contrary to her testimony in this case.  If the issue related instead to a lost paper diary, the court would not permit the Defendant to search the plaintiff's property to ensure that her search was complete. The Motion to Compel [Dkt. #17] is DENIED.

DATED this 17th day of January, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3